Hardeep "Dee" Sull, Esq.
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
NV 12108
Tel: (702) 953-9500
Fax: (702) 297-6595
dee@sullglobal.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
## LAS VEGAS, NEVADA
## CIVIL DIVISION

| | |
|---|---|
| ABEL, Barrett<br>9812 Enchanted Valley Court<br>Las Vegas, Nevada 89117<br><br>and,<br><br>ZARE, Maryam<br>Unit 3, No. 11 Morvarid Residential<br>Complex, 8th Ally Molanda Blvd.,<br>Sadra Town, Shiraz, Iran<br><br>v.<br><br>ANTONY BLINKEN, in his official<br>capacity as U.S. Secretary of State<br>c/o Executive Office, Office of the Legal<br>Advisor, Suite No. 5.600,<br>600 19th Street NW<br>Washington, DC 20522<br><br>and,<br><br>U.S. Department of State, Office of the<br>Legal Advisor, Suite No. 5.600,<br>600 19th Street NW<br>Washington, DC 20522 | COMPLAINT FOR<br>MANDAMUS PURSUANT<br>TO THE MANDAMUS ACT,<br>28 U.S.C. § 1361, AND, FOR<br>DECLARATORY AND<br>INJUNCTIVE RELIEF<br>PURSUANT TO THE<br>ADMINISTRATIVE<br>PROCEDURE ACT,<br>5 U.S.C. § 701, *et seq.*<br><br><br>Case No.:<br><br>Judge: |

1

## **COMPLAINT**

1. On January 27, 2017, then-President Donald J. Trump fulfilled part of his "America First" campaign pledge by implementing a complete and total ban on entry into the United States for individuals and families from a group of predominantly Muslim countries.[1] The Executive Order, known as "Protecting the Nation from Foreign Terrorist Entry into the United States," suspended entry of lawful immigrants from Iran, Iraq, Libya, Somalia, Sudan, Syria and Yemen.

2. This initial Executive Order was colloquially known as the "Muslim Ban," and suffered backlash from business leaders, news media and immigration law experts. A few weeks after its introduction, the Trump Administration relented to ongoing pressure that it excluded immigrants based on religion, and issued a revised version of the Executive Order.

3. In its second version, according to the Administration, the ban was necessary to eliminate "heightened concerns about terrorism and travel to the United States," and to "ensure that those admitted to this country do not bear hostile attitudes toward it and its founding principles." Specifically, the terms held that "The United States cannot, and should not, admit those who do not support the Constitution, or those who would place violent ideologies over American law."

4. While several provisions of the travel ban would be voluntarily eased by the Trump Administration, and others would be challenged in District Courts and U.S. federal Courts of Appeal, the U.S Supreme Court ultimately handed Trump a victory. The U.S. Supreme Court in *Trump v. Hawaii,* 138 S. Ct. 2392 (2018), found the language of Executive Order to comport with the U.S. Constitution as non-pretextual, and granted the Administration the right to continue to exclude individuals from certain countries.

5. Iran was one of the countries listed in the original Executive Order, and throughout the revisions, remained positioned prominently as a country central to the Trump Administration's anti-immigrant plans. As part of the ban, the U.S. Department of State suspended the issuance of new immigrant visas and new non-immigrant visas (with exceptions for F, M and J visas) for Iranians. The Executive Order effectively halted the issuance of visas which would result in lawful permanent residency for Iranian nationals.

6. On January 20, 2021, prior to the end of his first day in office, President Biden revoked the Trump-era travel bans with the issuance of his own Executive Order,

---

[1] Executive Order 13769, "Protecting the Nation from Foreign Terrorist Entry into the United States, January 27, 2017, available at: https://www.federalregister.gov/documents/2017/02/01/2017-02281/protecting-the-nation-from-foreign-terrorist-entry-into-the-united-states.

No. 10141.[2] While immigration advocates and immigrant families welcomed the news, it would serve as a pyrrhic victory for the Plaintiffs in this case.

7. Plaintiff Zare is a citizen and national of Iran who applied for an Immigrant Visa on September 24, 2020 by filing a DS-260, Department of State Visa Application, via the Consular Electronic Application Center. Her case was registered with the U.S. Department of State, and she was placed in line for adjudication of her application and issuance of her immigrant visa.

8. Plaintiff Zare sought entry into the United States so that she could reunite with her husband, Barrett Abel, a United States citizen. As part of the lawful immigration process, Plaintiff Zare was required to complete processing, including a consular interview, at a United States Embassy abroad.

9. As Plaintiff Zare is a citizen and national of Iran, a country in which the United State does not currently have a diplomatic post, she was required to complete consular processing at a location outside of Iran.

10. Typically, Iranian nationals, pursuant to current U.S. State Department policy, process through a U.S. Consulate or Embassy in one of three, third-party countries, namely: Turkey, the United Arab Emirates or Armenia. Plaintiff Zare elected consular processing in Turkey.

---

[2] "Biden reverses Trump's 'Muslim ban.' Americans support the decision." Washington Post, January 27, 2021, available at: https://www.washingtonpost.com/politics/2021/01/27/biden-reversed-trumps-muslim-ban-americans-support-that-decision/

11. However, when Plaintiff Zare filed her consular application and actively sought to process though the U.S. Embassy in Ankara, Turkey--her application was met with a series of unreasonable and unlawful procedural policy delays.  As of today, over six months since the filing of her application, her consular application remains pending with Defendants.

12. Perhaps most important to Plaintiffs' delay case is that Plaintiffs are unable to actually move the case forward based on an unusual policy imposed by Defendants on February 4, 2021.  The implementation of this policy, has further delayed the issuance of Plaintiff's Immigrant Visa. The policy reads as follows:

> "Due to health and safety concerns related to the COVID-19 global pandemic, as of February 4, 2021, the U.S. Embassy in Ankara is only providing immigrant visa services to Turkish Citizens and Turkish residents. For Third Country Nationals ("TCNs") who have Turkish resident permits, please email AnkaraIV@state.gov with the front and back of your Turkish resident permit so we can discuss the next steps.  Unless there is a genuine humanitarian or medical emergency, the U.S. Embassy in Ankara is unable to provide visa services to TCNs who do not have Turkish resident permits. Please note that appointments are limited due to reduced staffing and health and safety precautions associated with the COVID-19 pandemic."

13. This policy, as written, effectively excludes Third Country Nationals ("TCNs") like Plaintiff Zare from pursuing a visa in Turkey.  The basis for this policy appears to be "health and safety concerns" associated with COVID-19; however, further health guidance states that access to the U.S. State Department facilities is limited to those who are physically present in Turkey for at least ten days, and who do not have cold or flu symptoms for at least the past fourteen days.  The exclusion of TCNs does

not appear to be reasonably related to public health, as Turkish nationals have access to visa services and only need to demonstrate no symptoms within the last two-week period.

14. The practical impact of Defendants' policy is exacerbated by the fact that Plaintiffs have been told they cannot transfer their case to another Embassy—such as that in United Arab Emirates or Armenia.  Plaintiffs, in an effort to have the visa application approved, inquired into transferring the application to the U.S. Embassy in Armenia; however, they were told that is not possible.

15. Despite ongoing communication with Department of State about the status of her application, and complete willingness to provide any additional information to facilitate issuance of the visa, Plaintiff Zare's Immigrant Visa Application remains pending. With no end in sight for their wait, and U.S. State Department policies totally divorced from the stated health and safety concerns, Plaintiffs now seek mandamus relief from this Court.

## **JURISDICTION**

16. This case arises under the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 706 *et seq*.  Moreover, this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as the issue relates to a federal question. The Court also has authority to grant

declaratory relief under 28 U.S.C. § 2201 and injunctive relief under the

Administrative Procedure Act.

17. Specifically, the Mandamus Act vests this Court with original jurisdiction over

"any action in the nature of mandamus to compel an officer or employee of the

United States or an agency thereof to perform a duty owed to the Plaintiff." *See* 28

U.S.C. § 1361.

18. Similarly, the Administrative Procedure Act authorizes this Court to review an

agency action and to "compel agency action unlawfully withheld or unreasonably

delayed." 5 U.S.C. § 706(1).

19. Indeed, under the Administrative Procedure Act, The United States has waived its

sovereign immunity as a judgment or decree may be entered against it under 5

U.S.C. § 702.

## **VENUE**

20. Venue in the U.S. District Court, District of Nevada, is proper under 28 U.S.C.

§1391(e) because Plaintiff, Barrett Abel, the U.S. citizen spouse of Plaintiff Zare,

resides within this judicial district, and the Defendants in this matter are officers

and employees of the United States.

## **EXHAUSTION**

21. Plaintiffs have exhausted their administrative remedies. Indeed, Plaintiffs have

made numerous inquiries regarding the status of the application. Defendants

continue to assert in responses to the inquiries that the case cannot be decided and the visa cannot be issued in Ankara because Plaintiff Zare is a Third Country National

## **PARTIES**

22. Plaintiff, Barrett Abel, is a citizen and national of the United States who currently resides in Las Vegas, Nevada.  Plaintiff Abel is married to Plaintiff Zare, and the couple had lived together and traveled together since their wedding on August 23, 2019.  Plaintiff Abel is the petitioner who filed the underlying immigrant visa petition which was approved. He then sought consular processing of the immigrant petition for his wife. Plaintiff Abel has a net worth of less than $2 million as contemplated by the *Equal Access to Justice Act*, 28 U.S.C. § 2412.

23. Plaintiff, Maryam Zare, is a citizen and national of Iran who is currently awaiting adjudication of her immigrant visa at the U.S. Embassy in Ankara, Turkey. Plaintiff Zare is married to Plaintiff Abel, a United States citizen, who sought an immigrant petition for her through consular processing.  Although the couple previously resided together and traveled together, Plaintiff Zare returned to Iran for the explicit purpose of scheduling her immigrant visa interview at the U.S. Embassy in Ankara, Turkey.  Plaintiff Zare has a net worth of less than $2 million as contemplated by the *Equal Access to Justice Act*, 28 U.S.C. § 2412.

24. Defendant Antony Blinken, in his official capacity, is the Secretary of the U.S. Department of State ("DOS"), having been lawfully confirmed by the U.S. Senate on January 26, 2021. In this capacity, he oversees the management of DOS personnel and operations in the United States and at U.S. Embassies and Consulates abroad, including the U.S. Embassy in Ankara, Turkey.

25. Defendant U.S. Department of State is the federal department responsible for diplomatic initiatives throughout the world, including the evaluation of and issuance of immigrant and non-immigrant visas to qualifying foreign nationals. *See* 22 U.S.C 38 § 2651, *et seq.* A change in U.S. State Department policy, related to adjudication of Third Country Nationals has now stranded Plaintiff Zare in Iran without the reasonable possibility of processing her immigrant visa at the chosen U.S. Embassy location in Turkey.

## **FACTS AND LAW**

26. Plaintiffs now seek to compel the U.S. Department of State to act on a visa application, and there is clear caselaw outlining the Court's jurisdiction. The Ninth Circuit Court of Appeals, in *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997), held that while "normally, a consular official's discretionary decision to grant or deny a visa petition is now subject to review," the failure to take any action on a petition invokes mandamus jurisdiction. *Id.*

27. Similarly, other Circuit Courts have held that mandamus is appropriate for stalled visa applications, over objections of consular non-reviewability, when no decision has been made by a consular officer. *See, e.g., Mulligan v. Schultz*, 848 F.2d 655, 657 (5th Cir. 1988); *Samirah v. Holder*, 627 F.3d 652, 663–664 (7th Cir. 2010).

28. Congressional policy indicates that all immigrant visa applications should be decided within six months.  8 U.S.C. § 1571(b).

29. On November 14, 2019, Plaintiff Abel initiated the immigrant visa process by filing an I-130, Petition for Alien Relative with the United States Citizenship and Immigration Service ("USCIS").  (Receipt No. IOE0907879233).  *See* Attached Exhibit A.

30. On June 29, 2020, the I-130 Petition was approved. *Id.* The notice advised Plaintiffs that the case would be sent to the National Visa Center for continued visa processing with the Department of State.

31. On July 9, 2020, the National Visa Center advised that Plaintiff Zare's case had been created and a formal Immigrant Visa Application number had been assigned. The Application required the submission of fees and additional documents to the National Visa Center for continued processing. *See* Attached Exhibit B.

32. In late September 2020, Plaintiffs filed the requisite documents with the National Visa Center in support of Plaintiff Zare's Immigrant Visa Application. *See* Attached Exhibit C.

33. On or about October 2, 2020, Plaintiffs were informed that the National Visa Center "received all of the fees, forms, and documents that are required prior to attending an immigrant visa interview" and that "NVC will work with the U.S. Embassy/Consulate General in ANKARA, TRKY to schedule an interview appointment for you." *See* Attached Exhibit D.

34. On or about February 4, 2021, the U.S. Embassy in Ankara, Turkey issued a policy statement which held that the Embassy would only be "providing immigrant visa services to Turkish Citizens and Turkish residents," and that Third Country Nationals or ("TCNs") would not be offered visa services. This policy was alleged "due to health and safety concerns related to the COVID-19 global pandemic. It is unclear to Plaintiffs how the policy of excluding a small number of Third Country Nationals would relate to the global pandemic.

35. With the announcement of this policy statement, counsel for Plaintiffs sought a transfer of the immigrant visa case to another U.S. Embassy. As the U.S. Embassy in Turkey was no longer an option, immigrant visas for Iranian nationals are only being processed through U.S. Embassies in the United Arab Emirates and Armenia.

36. However, on November 23, 2020, the United Arab Emirates (UAE) suspended travel visas for nationals from thirteen countries, including Iran.[3] The policy was announced in a statement by the Dubai Airport Freezone Authority, but no details

were provided as to the basis of the decision.  The travel suspension remains in effect as of today.

37. With United Arab Emirates no longer a possibility, Counsel inquired about transferring the case for Plaintiff Zare to the U.S. Embassy in Yerevan, Armenia.

38. On or about March 3, 2021, Counsel was advised that the U.S. Embassy in Yerevan, Armenia would not accept immigrant visa transfers for Iranian nationals. *See* Attached Exhibit E.

39. In early April 2021, Plaintiff Abel, through Counsel, sought Congressional assistance through the Office of Catherin Cortez Masto, U.S. Senator.  While staff from the Senator's Office has responded, they recently advised that a temporary pandemic lock-down in Turkey has closed the U.S. Embassy.  There was no update as to the other options for processing the case in light of the current policy against processing for Third Country Nationals.

40. Similarly, on April 30, 2021, Defendant Department of State issued policy guidelines entitled "Immigrant Visa Prioritization" which outlined the process for adjudication of visas at Embassies and Consular outposts.[4] While immediate relative visas were listed as "Tier Two" applications, the applications listed in "Tier One" are atypical and relatively uncommon petitions.  As such, Department of State

---

[3] "UAE halts new visas to citizens of 13 mostly Muslim states: document," November 25, 2020, Reuters, available at: https://www.reuters.com/article/us-emirates-immigration/uae-halts-new-visas-to-citizens-of-13-mostly-muslim-states-document-idUSKBN2850OI

noted that the "Immigrant Visa Prioritization plan "instructs posts to maximize their limited resources to accommodate as many immediate relative and finace(e) cases as possible…" *Id.*

41. Plaintiff Barrett has an immediate relative immigrant visa pending, on behalf of his wife, Plaintiff Zare, with Defendant Department of State.

42. Moreover, despite completing the relevant applications, paying the necessary fees and following all necessary procedures, Defendant Department of State failed to decide Plaintiff Zare's immigrant visa application.

43. As of today, more than six months from the original filing by Plaintiffs, there has been no decision on the immigrant visa petition and there has been no decision on the scheduling of an interview.

44. Indeed, the U.S. Embassy in Ankara, Turkey, has indicated that it is no longer processing immigrant visa applications for Iranians.  The United Arab Emirates will no longer allow entry into the country for Iranian citizens.  Despite these circumstances, the U.S. Embassy in Yerevan, Armenia, the only remining location processing Iranian immigrant visa applications, will not allow cases to be transferred there for processing.

45. Defendant Department of State has harmed Plaintiffs by causing undue delay in issuing or refusing to issue Plaintiff Zare an immigrant visa when the law clearly

---

[4] "Immigrant Visa Prioritization,' April 30, 2021, U.S Department of States, available at: https://travel.state.gov/content/travel/en/News/visas-news/immigrant-visa-prioritization.html

provides that the agency is required to make such a decision in a reasonable time on the case.

46. Defendants' own actions, in limiting the processing of Third Country Nationals at the U.S. Embassy in Ankara, Turkey, has exacerbated this delay.

47. Defendants' own actions, in refusing to transfer the immigrant visa case to the U.S. Embassy in Yerevan, Armenia, has exacerbated this delay.

48. Plaintiffs have provided all information requested and have timely communicated with the Department of State about the immigrant visa request.  Defendants have had sufficient time and information to adequately schedule an interview with Plaintiff Zare to determine whether to issue her an immigrant visa.  Defendants' delay is unreasonable and unlawful.

## **RELIEF**

### **COUNT I-**
### **Relief Under the Mandamus Act**

49. Plaintiffs re-allege and incorporate by reference, as if fully restated, the facts and allegations in all preceding paragraphs.

50. Plaintiffs request the Court order the Defendants to immediately adjudicate the application for an immigrant visa of Plaintiff Zare pursuant to the Mandamus Act, 28 U.S.C. § 1361.

51. Plaintiffs have a clear and certain right to the relief requested.

52. Defendant Blinken as Secretary of State, head of the U.S. Department of State, the federal agency responsible for the review and issuance of immigrant visas, has a certain, mandatory, ministerial duty to issue or refuse Plaintiff Zare's application for an immigrant visa.

53. Indeed, federal regulations provide that the Defendant, U.S. Department of State, "must either issue or refuse" a visa. 8 C.F.R. § 42.81(a); *see also* 9 FAM 504.1-3(g) ("A consular officer cannot temporarily refuse, suspend, or hold the visa for future action.").

54. Defendants have failed to timely and reasonably adjudicate Plaintiff Zare's immigrant visa request.

55. Plaintiffs have no administrative remedy available to them other than seeking relief from this Court.

## COUNT II –
### Relief under the Administrative Procedure Act, 5 U.S.C. § 701, et seq.

56. Plaintiffs re-allege and incorporate by reference, as if fully restated, the facts and allegations in all preceding paragraphs.

57. Pursuant to 5 U.S.C. § 706, Plaintiffs seek review by this Court and request that the Court compel agency action unlawfully withheld or unreasonably delayed by Defendants.

58. The Department of State has a duty to adjudicate Plaintiff's visa petition in a reasonable amount of time. *See* 8 C.F.R. § 42.81.

59. The continued inaction of Defendants, and the unreasonable delay in adjudicating the visa application, is causing harm to Plaintiffs in this case.

60. Plaintiffs have no other administrative remedy available to them beyond those plead herein.

**WHEREFORE,** Plaintiffs request the following relief from the District Court of the District of Nevada:

A. Mandate that the Defendant adjudicate Plaintiff Zare's application for an immigrant visa within ten days;

B. Award Plaintiffs costs of this action pursuant to 28 U.S.C. § 2412(b), *et seq*.; and,

C. Grant Plaintiffs any and all other relief this court deems equitable and just.

Respectfully submitted for Plaintiffs,

_____
Hardeep "Dee" Sull, Esq.
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
NV 12108
Tel: (702) 953-9500
Fax: (702) 297-6595
dee@sullglobal.com
Attorney for Plaintiffs

1

2                              **Certificate of Service**

3       I hereby certify that the foregoing complaint will be served as soon as the summons is

4
        available on the following persons by certified mail, return receipt requested, and that
5

6       the appropriate proof of filing will be provided to this Court timely.

7

8       Antony Blinken,
        U.S. Secretary of State
9       Office of the Legal Advisor, Suite No. 5.600,
10      600 19th Street NW
        Washington, DC 20522
11

12      U.S. Department of States
        Office of the Legal Advisor, Suite No. 5.600,
13      600 19th Street NW
14      Washington, DC 20522

15
        Merrick Garland, Esq.
16      U.S. Attorney General
17      950 Pennsylvania Avenue, NW
        Washington, DC 20530
18

19      Christopher Chiou, Esq.
        Acting U.S. Attorney
20      501 Las Vegas Blvd. South, Suite 1100
21      Las Vegas, NV 89101

22

23                                          _____
                                            Hardeep "Dee" Sull, Esq.
24                                          3753 Howard Hughes Parkway, Suite 200
                                            Las Vegas, NV 89169
25                                          Tel: (702) 953-9500
26                                          Fax: (702) 297-6595
                                            dee@sullglobal.com
27                                          Attorney for Plaintiffs

28

                                            17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28